**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOSE ORTEGA HERNANDEZ, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,* | Case No: |
| Plaintiff, | **CLASS AND COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
| NHR HUMAN RESOURCES, LLC, NEW HOLLAND RESIDENCES, LLC, SUGAR HILL CAPITAL PARTNERS LLC, MARGARET GROSSMAN, and JEREMY SALZBERG | **Jury Trial Demanded** |
| Defendants. | |

---

Plaintiff JOSE ORTEGA HERNANDEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby file this Class and Collective Action Complaint against NHR HUMAN RESOURCES, LLC, NEW HOLLAND, RESIDENCES, LLC, SUGAR HILL CAPITAL PARTNERS LLC ("Corporate Defendants"), MARGARET GROSSMAN, and JEREMY SALZBERG ("Individual Defendants," and together with the Corporate Defendants, "Defendants") and, upon information and belief, states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages (2) unpaid overtime wages,  (3) unreimbursed costs and maintenance for "tools of the trade," (4) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages (2) unpaid overtime wages,  (3) unreimbursed costs and maintenance for "tools of the trade,"  , (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

3.      Plaintiff JOSE ORTEGA HERNANDEZ further alleges, pursuant to 29 U.S.C. §§151-169 and NYLL § 201-D, that due to Defendants' retaliation against him, he is entitled to recover from Defendants: (1) compensatory damages, (2) punitive damages, (3) attorneys' fees and costs, and all other penalties the Court deems appropriate.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the SOUTHERN District pursuant to 28 U.S.C. §1391.

## PARTIES

6.      Plaintiff JOSE ORTEGA HERNANDEZ, for all relevant time periods, was a resident of New York County, New York.

7.   Defendants own and operate numerous residential and commercial buildings and apartments around the city.

8.   Defendants' buildings are operated as a single integrated enterprise.  The buildings are commonly owned and/or managed by the Individual Defendants.  Specifically, the buildings are engaged in related activities, share common ownership, have common business purpose, share management, share tools, and share labor.

9.   Corporate Defendant NHR HUMAN RESOURCES, LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and with a principal place of business at 256 West 116th Street 2nd Floor, New York, NY 10026.

10.   Corporate Defendant NEW HOLLAND RESIDENCES, LLC is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and with a principal place of business at 256 West 116th Street 3rd Floor, New York, NY 10026.

11.   Corporate Defendant SUGAR HILL CAPITAL PARTNERS LLC is a foreign limited liability company organized under the laws of the State of Delaware with an address for service of process and with a principal place of business at 256 West 116th Street 2nd Floor, New York, NY 10026.

12.   Defendants' buildings are operated as a single integrated enterprise.  The buildings are commonly owned and/or managed by the Individual Defendants.  Specifically, the buildings are engaged in related activities, share common ownership, have common business purpose, share management, share tools, and share labor.

13.     Defendant MARGARET GROSSMAN frequently visits each of the complexes. She exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the complexes could complain to Defendant MARGARET GROSSMAN directly regarding any of the terms of their employment, and Defendant MARGARET GROSSMAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.  Defendant MARGARET GROSSMAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

14.     Defendant JEREMY SALZBERG frequently visits each of the complexes. He exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the complexes could complain to Defendant JEREMY SALZBERG directly regarding any of the terms of their employment, and Defendant JEREMY SALZBERG would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant JEREMY SALZBERG had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

15.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

16.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the businesses operated by Defendants.

17.     At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to handymen, janitors, repairmen, porters, and superintendents, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

20.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA

Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including but not limited to handymen, janitors, repairmen, porters, and superintendents, among others ), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

23.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

24.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same Defendants' corporate practices of (i) failing to pay proper wages, including those due to time shaving, (ii) failing to provide Class members with proper wage statements with every payment of

wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

25.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

c)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d)    Whether Defendants properly compensated Plaintiff and Class members for all hours worked under state and federal law;

e)  Whether Defendants caused time-shaving by paying s and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

f)  Whether Defendants knowingly to reimburse Plaintiff and Class members their "tools of the trade" and maintenance costs;

g)  Whether Defendants failed to pay Class members the spread of hours premium for days in which their workday exceeded ten (10) hours;

h)  Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the NYLL; and

i)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

30.  On or about December 10, 2018, Plaintiff JOSE ORTEGA HERNANDEZ was hired by Defendants to work as a superintendent for a number of Defendants' buildings and apartments owned by Defendants. On or around October 11, 2020, Plaintiff was retaliated against and terminated from his position with Defendants.

31.  Throughout his employment by Defendants, Plaintiff was scheduled to work from 8:00am to 5:00pm, five (5) days per week minus one (1) hour for lunch. In total, Plaintiff was scheduled to work for exactly forty (40) hours per week.

32.  In reality, Plaintiff regularly worked from 7:00am to 8:00pm Monday through Friday, without breaking for a full hour lunch, and spent an additional three (3) hours on Saturdays, shoveling, sweeping, and disposing of trash. In total, Plaintiff actually regularly worked fifty-eight (58) hours a week.

33.     Plaintiff would attempt to fill out timesheets indicating these extra hours worked, but was informed that he could not put those extra hours on time sheets as Defendants did not pay overtime.

34.     At all times during Plaintiff's employment, Plaintiff was designated to the care and maintenance of over 70 units as defined by 12 NYCRR 141-1.2.  Partially, through Plaintiff's employment, Plaintiff was assigned to the maintenance and repair of a total of 151 units.

35.     During Plaintiff's employment, Plaintiff was often compensated at a rate less than minimum wage.

36.     Plaintiff was paid by Defendants from his start until December 31, 2018, at a rate of $13.50 an hour.  His compensation from January 1, 2019 until on or about May 2019, at a rate of $15.00 an hour.  Finally, Plaintiff was paid by Defendants from the month May 2019 until he was retaliated against at a rate of $18.00.

37.     Plaintiff was never paid a spread of hours premium for days lasting longer than ten (10) hours.

38.     Due to Defendants wrongful and improper policies, Plaintiff attempted to help organize a union.  Plaintiff specifically wanted addressed Defendants' illegal policies of not compensating workers for all the hours worked.

39.     On October 10, 2019, a meeting to discuss unionization was scheduled to occur. In attendance were to be Plaintiff, a Union Coordinator, the union's attorney, Joel Davis, Company Manager, and the Company's lawyer.

40.     On the day of the meeting, during the time the meeting was scheduled to take place, Defendants attempted to prevent Plaintiff's attendance by scheduling a last minute work order at the same time.

41.     The day after this union meeting, Plaintiff was fired.

42.     After retaliating against Plaintiff for his union sympathies, Defendants proceeded to demand he vacate his apartment, demand that he confine himself to his apartment when in the building, and confiscated $5,000 worth of Plaintiff's tools, claiming any and all tools were presumed to be Defendants.

43.     Throughout their entire employments, Plaintiff, FLSA Collective Plaintiffs and Class members were not properly compensated for all hours worked, due to Defendant's policy of time-shaving. Plaintiff, FLSA Collective Plaintiffs, and Class were regularly required to work many more hours than they were compensated. Specifically, Plaintiff, FLSA Collective Plaintiffs and Class members were informed that they would never be paid overtime, and were frequently forced to work through their lunch hours, such required worked happened almost every day of the week. Defendant's policy resulted in Defendants' time-shaving about eighteen (18) hours per week for Plaintiff, FLSA Collective Plaintiffs and Class members. This sum was never correctly reflected in employees' work hours.

44.     Defendants failed to provide Plaintiff and Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

45.     Defendants frequently paid less than minimum wage to the Plaintiff, FLSA Collective Plaintiffs and Class Members, pursuant to 12 NYCRR 141-1.2.

46.     Plaintiff and Class members received wage statements that were not in compliance with the NYLL. Plaintiff received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation.

47.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving.

48.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

49.     Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

50.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

<u>STATEMENT OF CLAIM</u>

<u>COUNT I</u>

<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

51.     Plaintiff realleges and reavers Paragraphs 1 through 50 of this Class and Collective Action Complaint as if fully set forth herein.

52.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

54.     At all relevant times, each Corporate Defendants had gross annual revenues in excess of $500,000.

55.     At all relevant times, the Defendants engaged in a policy of time-shaving, including refusing to compensate Plaintiff and FLSA Collective Plaintiffs for all of their hours worked.

56.     Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

58.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

59.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

60.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including those resulting from time-shaving, and an equal amount as liquidated damages.

61.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

62.     Plaintiff realleges and reavers Paragraphs 1 through 61 of this Class and Collective Action Complaint as if fully set forth herein.

63.     At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

64.     At all relevant times, the Defendants engaged in a policy of time-shaving, refusing to compensate Plaintiff and Class members for all of their hours that they worked each week.

65.     Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

66.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

67.     Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

68.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, resulting from time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## RETALIATION UNDER THE NATIONAL LABOR RELATIONS ACT

69.     Plaintiff realleges and reavers Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.     Defendants retaliated against Plaintiff after he attempted to set up a union. Defendants retaliated against Plaintiff by terminating his employment, forcing his vacatur from

his apartment, forcing him to confine himself in his apartment when in the building that he lives, and the taking of thousands of dollars of his belongings.

71.     Defendants' actions constitute a violation of 29 U.S.C. § 157 and 158(a)(4).

72.     Plaintiff suffered mental distress and his future employment was compromised as a result of Defendants' retaliatory actions.

73.     Due to Defendants' retaliation, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

<u>**COUNT IV**</u>

<u>**RETALIATION UNDER THE NEW YORK LABOR LAW**</u>

74.     Plaintiff realleges and reavers Paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.     Defendants retaliated against Plaintiff after he complained to the Department of Labor regarding their underpayment of compensation for all his hours worked due to Defendants' policy of time-shaving. Defendants then retaliated against Plaintiff by terminating his employment after she complained of Defendants' improper employment policies.

76.     Defendants' actions constitute a violation of NYLL § 201-D.

77.     Plaintiff suffered mental distress and his employment was compromised as a result of Defendants' retaliatory actions.

78.     Due to Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due under the FLSA and NYLL due to Defendants' policy of time-shaving;

d. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to the NYLL;

g. An award of unpaid spread of hour's premium under the applicable state law;

h. An award for unreimbursed tools of the trade.

i.   An award of compensatory and punitive damages and all other penalties the Court deems appropriate as a result of Defendants' unlawful retaliation against Plaintiff under 29 U.S.C. § 157 and 158(a)(4) and NYLL § 201-D;

j.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to FRCP 23;

m.  Designation of Plaintiff as Representative of the Class; and

n.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  April 17, 2020

Respectfully submitted,
By:  ___/s/ C.K. Lee_____
        C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiff and the Class*