UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ORTEGA HERNANDEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,<br><br>                          Plaintiff,<br><br>   -against-<br><br>NHR HUMAN RESOURCES, LLC, NEW HOLLAND RESIDENCES, LLC, SUGAR HILL CAPITAL PARTNERS LLC, MARGARET GROSSMAN, and JEREMY SALZBERG,<br><br>                         Defendants | Case No.: 1:20-cv-03109 |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

I, C.K. Lee, an attorney duly admitted to practice law in the State of New York, declare under penalty of perjury:

1. I am a partner at the firm of Lee Litigation Group, PLLC ("LLG") in New York, New York, Plaintiff's counsel herein.

2. I am the lawyer primarily responsible for the prosecution of Plaintiff's claims on behalf of the class in this matter.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**NATURE OF PLAINTIFF'S CLAIMS**

4. Plaintiff Jose Ortega Hernandez ("Plaintiff") alleges that Defendants failed to pay Plaintiff and others similarly situated under the Fair Labor Standards Act ("FLSA") and New York

1

Labor Law ("NYLL"): unpaid wages and overtime due Defendants use of an improper fixed salary, unpaid wages and overtime due to time shaving, statutory penalties, liquidated damages and attorneys' fees and costs.

## INVESTIGATION AND DISCOVERY

5. Before filing the Complaint, Plaintiff's Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification.

6. LLG had in-depth interviews with Plaintiff. LLG also obtained documents and data from the Plaintiff that helped evaluate the risks of the case.

7. In preparation for the class mediation, Defendants produced, on a class-wide basis, a sampling of class members' employment records, including wage notices, payroll summaries and time records from a list containing only class members' employee ID numbers and positions. Plaintiff's counsel used the documents provided by Defendants for discovery and mediation, as well as the recollection and testimony of Plaintiff, to calculate the potential damages owed to Plaintiff Hernandez and the Class Members prior to the Parties' private mediation on September 17, 2021.

8. Plaintiff's Counsel has provided a benefit to the class and the judicial system by agreeing to cooperate in the prosecution and settlement of this case.

## SETTLEMENT NEGOTIATIONS

9. The parties held a full-day mediation session on September 17, 2021, conducted by Stephen P. Sonnenberg of JAMS, a well-regarded mediator with extensive experience mediating wage and hour class settlements.

10. In advance of the mediation, Plaintiff's counsel submitted a detailed mediation statement that explained the claims, noted Defendants' vulnerabilities, acknowledged risk, and explained the damage calculations they had performed based on the documents produced by Defendants for such purposes.

11. The parties reached a settlement in principle during mediation and, during the months thereafter, continued negotiating the terms of the class settlement, which was memorialized in the Settlement Agreement.

12. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

## SETTLEMENT AGREEMENT

13. The $975,000 settlement amount is a compromise figure. In reaching the settlement, Plaintiff's Counsel took into account the risks of establishing liability, and also considered the time, delay, and financial repercussions in the event of trial and appeal by Defendants. Although Plaintiff believes his claims have merit, he recognizes the legal, factual and procedural obstacles to recovery, as Defendants have and will continue to vigorously contest Plaintiff's claims if the action does not settle.

14. In light of the strengths and weaknesses of the case, Plaintiff's Counsel believes the settlement easily falls within the range of reasonableness because it achieves a significant benefit for Plaintiff and the Class Members in the face of significant obstacles.

15. The settlement negotiations were at all times hard fought and arm's length, and they have produced a result that Plaintiff's Counsel believes to be in the best interests of the Class Members in light of the costs and risks of continued litigation. Moreover, in our estimation, and based on the data provided by both Plaintiff and Defendants, the settlement represents

a significant percentage of the recovery that Plaintiff would have achieved had he prevailed on all of his claims and survived an appeal, and a substantial portion of what Defendants would be able to pay if faced with a judgment.

16. Under the Settlement Agreement, any Class Member who redeems a settlement check containing opt-in acknowledgment language will opt into the Fair Labor Standards Act ("FLSA") collective action and release his or her FLSA claims.

17. The allocation formula accounts for the number of weeks in which each Class Member was employed by Defendants during the relevant class period April 17, 2014 to September 17, 2021 ("Relevant Period"), relative to the aggregate number of weeks during which all Class Members were employed by Defendants during the Relevant Period. As such, the allocation formula is fair and reasonable because it will provide each Class Member who does not opt out of the settlement with an individual settlement payment that is proportional to their time employed by Defendants.

## MY BACKGROUND AND EXPERIENCE

18. I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture. I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997. I was admitted to the New York bar in 1998. I am also admitted to the bars of the U.S. Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars. I have served as lead counsel in numerous wage and hour class and collective actions.

19. Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

20. Since April 2009, a substantial portion of my practice has been prosecuting wage and hour class and collective action cases.

21. I have been appointed as lead counsel in more than 80 wage and hour cases that district courts have certified as class actions and/or collective actions. *See the complete list of these actions attached.*

22. Likewise, courts have repeatedly found LLG to be adequate class counsel in such wage and hour class actions.

## CLAIMS ADMINISTRATION

23. The Parties have agreed to retain Advanced Litigation Strategies, LLC, an administration company under common control of Plaintiff's counsel, to administer the settlement.

24. The Parties' review of Defendants' records determined that there are approximately 120 members of the proposed class.

## EXHIBITS

25. Attached as **Exhibit A** is a true and correct copy of the fully executed Settlement Agreement and Release ("Settlement Agreement"), with Exhibits.

26. Attached as **Exhibit A** to the Notice of Plaintiff's Motion for Preliminary Approval is a true and correct copy of Plaintiff's Proposed Order.

\*   \*   \*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 11, 2022

                        Lee Litigation Group, PLLC

                        */s/ C.K. Lee*
                        C.K. Lee, Esq.
                        148 West 24th Street, Eighth Floor
                        New York, New York 10011
                        Telephone: (212) 465-1188
                        *Attorneys for Plaintiff and the Putative Class*

## List of Class Cases

| # | Case | Docket | Court |
|---|---|---|---|
| 1. | Mendez v. Pizza On Stone, LLC et al | 11-cv-06316 | SDNY |
| 2. | Khamsiri v. George & Frank's Japanese Noodle Rest Inc. et al | 12-cv-00265 | SDNY |
| 3. | Xiong v. XpresSpa JFK Terminal 7, LLC | 09-cv-01730 | EDNY |
| 4. | Sanjaya et al v. Inakaya USA, Inc. et al | 12-cv-04500 | SDNY |
| 5. | Sierra v. Triple J. Associates of Queens, Inc. et al | 12-cv-04462 | EDNY |
| 6. | Flores et al v. KC 53 LLC et al | 12-cv-08095 | SDNY |
| 7. | Mosquea v. Oasis Outsourcing II et al. | 12-cv-8099 | SDNY |
| 8. | Viafara v. MCIZ Corp. et al | 12-cv-7452 | SDNY |
| 9. | Shahriar v. Sukhmani Inc. et al | 13-cv-03823 | SDNY |
| 10. | Romero v. La Revise Associates, L.L.C. et al | 12-cv-08324 | SDNY |
| 11. | Lin et al v. Benihana National Corp. et al | 10-cv-01335 | SDNY |
| 12. | Trinidad v. Pret A Manger (USA) Limited, et al. | 12-cv-6094 | SDNY |
| 13. | Bravo v. Established Burger One L.L.C. et al. | 12-cv-9044 | SDNY |
| 14. | Sanchez v. JMP Ventures, L.L.C. et al | 13-cv-07264 | SDNY |
| 15. | Carillo v. 27-39 East 30th Rest. Corp., et al. | 13-cv-4491 | SDNY |
| 16. | Hussein et al. v. J. Caldwell Corp. et al. | 13-cv-2685 | SDNY |
| 17. | Ortiz et al v. Chop't Creative Salad Company LLC, et al | 13-cv-0254 | SDNY |
| 18. | Guaman v. 5 "M" Corp. et al. | 13-cv-3820 | SDNY |
| 19. | Alvarado v. Dublin 6 at 115 Broadway Inc. et al | 14-cv-03939 | SDNY |
| 20. | Santana v. Fishlegs LLC et al | 13-cv-01628 | SDNY |
| 21. | Mohamed, et al. v. Ess-A-Bagel Inc., et al. | 13-cv-8726 | SDNY |
| 22. | Yuzary, et al. v. HSBC Bank USA N.A., et al. | 12-cv-3693 | SDNY |
| 23. | Long et al v. HSBC USA Inc. et al | 14-cv-6233 | SDNY |
| 24. | Hernandez v. Bare Burger Dio, Inc., et al. | 12-cv-7794 | SDNY |
| 25. | Maisanche v. Paola Painting & Renovation LLC, et al. | 511960/2015 | Kings |
| 26. | Corte v. Fig & Olive Founders LLC, et al | 14-cv-7186 | SDNY |
| 27. | Perez v. Dos Toros, LLC, et al | 14-CV-9183 | SDNY |
| 28. | Cabrera v. Glenoak Enterprises LLC, et al | 14-cv-5599 | EDNY |
| 29. | Martinez et al v. Blockhead's Burritos | 15-cv-3294 | SDNY |
| 30. | Mohamed v. Sophie's Cuban Cuisine Inc., et al. | 14-CV-3099 | SDNY |
| 31. | Solorio v. 142 Mercer Street, LLC d/b/a Lure Fishbar, et al. | 15-cv-5817 | SDNY |
| 32. | Galvez v. Lucky Pearl, LLC et al | 15-cv-05177 | SDNY |
| 33. | Hernandez v. McGee's Bar & Grill, Inc., et al. | 15-cv-06067 | SDNY |
| 34. | Gonzalez et al v. Famiglia-Debartolo, LLC et al | 13-cv-08468 | SDNY |
| 35. | Asencio v. Arturo's Park Inc., et al. | 15-cv-9186 | SDNY |
| 36. | Zamora et al v. One Fifty Fifty Seven Corp. et al | 14-cv-08043 | SDNY |
| 37. | Montenegro, et al v. XpresSpa at Term. 4 JFK LLC, et al | 15-cv-3539 | SDNY |

| | | | |
|---|---|---|---|
| 38. | Riedel v. Acqua Ancien Bath New York LLC d/b/a Aire Ancient Baths, et al. | 14-cv-7238 | SDNY |
| 39. | Jin v. Spa Castle, Inc., et al. | 14-CV-5545 | EDNY |
| 40. | Barcenas v. Luma Rest, Inc. d/b/a Lusardi's, et al. | 15-CV-10043 | SDNY |
| 41. | Dipalma v. New Organico, Inc. | 15-cv-9753 | SDNY |
| 42. | Metodio v. Down and Dirty Tacos & Tequila Bar Meatpacking LLC, et al. | 15-cv-08754 | SDNY |
| 43. | Santiago v. Rivka, Inc. d/b/a Café Mogador, et al. | 15-cv-9184 | SDNY |
| 44. | Mariani, et al. v. OTG Management, Inc., et al. | 16-CV-1751 | EDNY |
| 45. | Bairon Orellana et al - v. - Pio Pio NYC, Inc. et al | 155941/2016 | NY |
| 46. | Ruiz, et al. v. Force Services, LLC, et al. | 16-cv-6729 | SDNY |
| 47. | Salazar, et al. v. Spectrum of Creations, Inc., et al. | 16-CV-0653 | SDNY |
| 48. | Andreescu v. Bravo Brio Restaurant Group, Inc. | 16-CV-6508 | SDNY |
| 49. | Vasquez v. GRK 451 Lexington Ave LLC, et al. | 16-cv-7305 | SDNY |
| 50. | Iturbide v. Cho Familia Dynastia, Inc. d/b/a Flor de Mayo, et al | 17-CV-596 | SDNY |
| 51. | Maisanche v. Paola Painting & Renovation LLC, et al. | 16-cv-7697 | SDNY |
| 52. | Huerta v. West 62 Operating LLC, et al. | 16-CV-3876 | SDNY |
| 53. | Jaigua v. Vordonia Contracting & Supplies Corp., et al. | 16-cv-6538 | EDNY |
| 54. | Gonzalez v. PB Hudson LLC, et al. | 17-CV-2010 | SDNY |
| 55. | Gomez v. Kitchenette 123 Inc., et al. | 16-cv-3302 | SDNY |
| 56. | Lucia Marett v. Palm Restaurant Inc. | 16-CV -9381 | SDNY |
| 57. | Rodriguez v. Park It Management Corp., et al. | 17-CV-4995 | SDNY |
| 58. | Gomez v. Terri Vegetarian LLC d/b/a Terri, et al. | 17-cv-00213 | SDNY |
| 59. | Jara v. Felidia Restaurant, Inc., et al. | 17-CV-9622 | SDNY |
| 60. | Escobar et al v. Pret A Manger (USA) Limited et al | 17-cv-05227 | SDNY |
| 61. | Bravo v. Fourth on Fifth LLC, et al. | 17-cv-7003 | SDNY |
| 62. | Falcon v. Bogopa Service Corp. et al | 17-CV-6230 | SDNY |
| 63. | Garcia Morales v. New Indian Foods, LLC, et al. | 18-cv-3401 | SDNY |
| 64. | Moreno Flores, et al. v.47th St. Food, Inc. d/b/a Blake & Todd, et al. | 18-cv-4281 | SDNY |
| 65. | Monter, et al. v. AP & SS Restaurant Group LLC d/b/a Sea Fire Grill, et al. | 18-CV-1859 | SDNY |
| 66. | Quic v. Dig Inn Restaurant Group, LLC, et al. | 516484/2018 | Kings |
| 67. | Noel Reyes et al. v. 600 west 169th Rest, Inc. et al. | 159303/2016 | NY |
| 68. | Hamann v. Ross Window Corp. et al. | 18-cv-01422 | SDNY |
| 69. | Lin et al. v. Benihana Inc. et al. | 18-cv-11226 | SDNY |
| 70. | Estrada v. Kingsbridge Marketplace Corp. et al. | 17-cv-09890 | SDNY |
| 71. | Tendilla et al. v. Pearlstone Restaurant, LLC et al. | 18-cv-08900 | SDNY |
| 72. | Rodriguez et al v. Castle Check Cashing Corp. et al. | 17-cv-09930 | SDNY |
| 73. | Baten v. Mr. Kabob Restaurant Inc. et al. | 16-cv-9559 | SDNY |
| 74. | Reyes v. Nocera Restaurant, Inc. et al. | 16-cv-00455 | EDNY |
| 75. | Chang v. Philips Bryant Park LLC et al. | 17-cv-08816 | SDNY |
| 76. | Fteja v. Nusret New York LLC et al. | 19-cv-00429 | SDNY |
| 77. | Carrasco v. Sompo America Insurance Services LLC et al. | 17-cv-07319 | SDNY |

| # | Case | Docket | Court |
|---|------|--------|-------|
| 78. | Salazar v. P.V. Bakery, Inc. et al. | 18-cv-04153 | SDNY |
| 79. | Garcia v. Roti Restaurants, LLC | 18-cv-09820 | SDNY |
| 80. | Tavera v. 18 Greenwich Avenue, LLC et al. | 19-cv-08258 | SDNY |
| 81. | Pacheco et al. v. Chickpea at 14th Street Inc. et al. | 18-cv-00251 | SDNY |
| 82. | Patterson v. Chipotle Mexican Grill, Inc. et al. | 54446/2020 | WC |
| 83. | Vazquez, et al. v. Eataly America Inc., et al. | 156933/2018 | NY |
| 84. | Delijanin v. Wolfgang's Steakhouse | 18-cv-07854 | SDNY |
| 85. | Eliaas et al v. The Dinex Group, LLC et al. | 20-cv-03117 | SDNY |
| 86. | Buchanan, et al. v. Pay-O-Matic Check Cashing Corp., et al. | 18-cv-00885 | EDNY |
| 87. | Villar v. AHRC Home Care Services, Inc. et al. | 18-cv-09174 | SDNY |
| 88. | Snagg v. Birch Family Services, Inc. et al | 18-cv-06723 | EDNY |